■ ELIZABETH NICHOLSON, Appellant, v FREDERIC NICHOLSON, Respondent. [770 NYS2d 878]—

In a matrimonial action in which the parties were divorced by judgment dated January 6, 2000, the mother appeals from (1) an order of the Supreme Court, Kings County (Yancey, J.), dated December 2, 2002, which, after a hearing, inter alia, awarded sole custody of the parties' child to the father and set forth a schedule of visitation for her, (2) an order of the same court, also dated December 2, 2002, which, after a second hearing, amended so much of the first order as granted the mother visitation with the child and suspended such visitation, and (3) an order of the same court, also dated December 2, 2002, which, after a third hearing, awarded her visitation on alternate Sunday's from 11:15 A.M. to 7:15 P.M.

Ordered that the appeal from so much of the first order as set forth a schedule of visitation for the mother and the appeal from the second order are dismissed, as that portion of the first order and the second order are superseded by the third order; and it is further,

Ordered that the first order is affirmed insofar as reviewed; and it is further,

Ordered that the third order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the father.

It is well settled that custody determinations are to be made upon consideration of all relevant circumstances so as to promote the best interests of the child (*see Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). Contrary to the mother's contentions, the Supreme Court's reliance on the recommendation of a forensic evaluator was proper, as the evaluator's testimony and reports were reflective of the extensive amount of time and effort she expended with the parties and as well as in reviewing prior reports. Her recommendation, as well as the remainder of the evidence adduced at the full custody hearing, demonstrated that custody with the father was in the child's best interests.

The court's award of visitation to the mother was reasonable under the circumstances. Santucci, J.P., S. Miller, Goldstein and Rivera, JJ., concur.